ABE FELDMAN ET AL., RESPONDENTS, v. JACOB HOLD-
MAN, APPELLANT.

Submitted January 22, 1926—Decided May 7, 1926.

**Sale of Real Estate—Broker's Commissions—Agreement Provided for Payment of Commission Upon Acquirement of Title and Passage of Deed—Deed Did Not Pass—Judgment for Plaintiff Reversed.**

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *William Greenfield*.

For the respondents, *David E. Bernstein*.

PER CURIAM.

This suit was brought to recover a broker's commission under a written contract, dated April 19th, 1925, to sell the property known as Nos. 931, 933 Bergen street, Newark, New Jersey.

The case was tried by the court without a jury, resulting in a judgment for the plaintiff for $300.

The contract contained this clause: "It is expressly understood and agreed that I shall not be liable for the payment of the aforesaid commission unless and until I, my heirs or assigns, shall acquire title to said premises, and a deed, therefore, pursuant to the terms of the contract, bearing even date herewith, made between the undersigned and Messrs. Finkelstein & Kaplan, the owners thereof." The state of the case sent up in the record shows that no contract for the sale of the property was ever signed, or the title acquired, or a deed for the property tendered or delivered.

In the case of *Lehrhoff* v. *Schwartsky*, 2 *N. J. Mis. R.* 353; 125 *Atl. Rep.* 496, it was said, undoubtedly, a vendor may protect himself against paying commissions until an actual sale of the property has been made by the passing of title by using words to that effect.

The meritorious question before us, therefore, is, Does this paper-writing clearly express the intention of the parties that the brokers agreed, if the client concluded at any stage of the proceedings not to take advantage of the fruits of their labor, he would not have to pay them a commission? The contingency seems to us to be so plainly put that we ought to construe the paper as intended to meet the precise situation which has arisen. So construed, the plaintiffs are not entitled to a commission. A like question is involved in the case of *Kuligowski* v. *McCullough*, No. 423, of the present term.

This leads to a reversal of the judgment under review.